

Order Filed on January 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: **FNU AURANGZAIB,** Debtor. | Case No.: 24-14350<br>Chapter: 7<br>Judge: John K. Sherwood |
| **JISUNG CHUN**, Plaintiff, v. **FNU AURANGZAIB.** Defendant. | Adv. Pro. No.: 24-01508<br>Hearing Date: October 8, 2024 |

### DECISION RE: DEFENDANT'S MOTION TO DISMISS

DATED: January 10, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:     FNU AUZANGZAIB
Case No.:   24-14350; 24-01508
Caption:    **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Jisung Chun ("Plaintiff") filed this adversary proceeding objecting to the dischargeability of debts allegedly owed by the debtor/pro se defendant, Fnu Aurangzaib ("Defendant"), under Section 523(a)(4) of the Bankruptcy Code. The alleged debt arises from a company organized in 2019 by the parties called Iron Republik LLC ("Iron Republik"). Iron Republik was a fitness and event management company based in Jersey City, New Jersey. The parties' relationship deteriorated, and Plaintiff terminated her interest in Iron Republik but was not removed as the personal guarantor of its debts. Plaintiff alleges that Defendant incurred over $6,500 in personal expenses using Iron Republik's lines of credit and comingled company funds with his own. Plaintiff also alleges that Defendant's actions constituted fraud and/or defalcation and are not subject to discharge in bankruptcy. Defendant filed a motion to dismiss the adversary proceeding asserting that Plaintiff's claims are barred on various grounds.

## FACTS AND PROCEDURAL HISTORY

Defendant filed his Chapter 7 bankruptcy case on April 29, 2024. [BK ECF No. 1].[1] Plaintiff filed a motion for relief from the automatic stay on June 3, 2024, to allow her to continue a pending State Court action against Defendant. [BK ECF No. 13]. Plaintiff's State Court complaint asked for a declaratory judgment that Plaintiff was entitled to indemnification by Defendant and other related relief. There were no claims for fraud, defalcation, breach of fiduciary duty, larceny, or embezzlement. [ECF No. 10-2]. After Defendant filed for bankruptcy, the State Court entered an order dismissing Plaintiff's claims

---

[1] Citations to Defendant's main bankruptcy case, 24-14305, will be cited as [BK ECF No.].

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 3 of 9

Page 3
Debtor: FNU AUZANGZAIB
Case No.: 24-14350; 24-01508
Caption: **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

without prejudice. [ECF No. 10-3]. The Court denied Plaintiff's motion for relief from the automatic stay because a State Court judgment against Defendant would have no value unless this Court found the debts to be nondischargeable. [BK ECF No. 18].

Plaintiff filed her adversary complaint on August 1, 2024, the day before the deadline to challenge whether debts are subject to discharge. [ECF No. 1]. Plaintiff's complaint states that Plaintiff and Defendant formed Iron Republik on July 5, 2019, as a fitness and event management company in Jersey City. [*Id.* at ¶ 9]. Both parties contributed $1,400 to start the company, for which they each received 50% ownership. [ECF No. 10-2 p. 1 of 36 ¶ 4]. Plaintiff alleges that because Defendant had a bad credit score, she personally guaranteed several lines of credit on behalf of Iron Republik. [ECF No. 1 ¶ 11]. Iron Republik received a loan grant of $9,000 from UDECD, a private non-profit organization that supplies funding to small businesses in New Jersey that was guaranteed by both parties. [*Id.* at ¶ 12]. Iron Republik also incurred $17,000 of debt through its Bank of America credit card, and $5,000 of debt on an American Express credit card, which only Plaintiff guaranteed. [*Id.* at ¶¶ 13-14]. The parties' relationship broke down in early 2022 and the parties signed a Memorandum of Understanding ("MOU"), terminating Plaintiff's ownership in Iron Republik. [ECF No. 1 ¶ 15; ECF No. 6-1 p. 2]. The MOU was signed on January 27, 2022, and states that Defendant received 100% interest in the company and "assume[d] all of daily operations, daily decision making[], and financial obligations of Iron Republik." [ECF No. 6-1 p. 2]. Plaintiff's obligations as a general partner were also terminated. [*Id.*]. The MOU also stated that

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 4 of 9

Page 4
Debtor:     FNU AUZANGZAIB
Case No.:   24-14350; 24-01508
Caption:    **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

Defendant would assume all debts of Iron Republik, including $7,499.95 owed to UCEDC, $11,481.75 owed to Bank of America, and $3,929.63 owed to American Express. [*Id.*].[2]

Plaintiff alleges that Defendant refused to remove Plaintiff as the personal guarantor of the lines of credit, and after Defendant failed to make timely payments towards the debt, Bank of America made automatic withdrawals from Plaintiff's personal bank account totaling $7,293.87. [ECF No. 1 ¶¶ 16-17]. Lastly, Plaintiff alleges that Defendant regularly comingled Iron Republik funds with his personal funds and used them for over $6,500 in personal expenses. [ECF No. 1 ¶¶ 19-20].

Defendant received a discharge in his Chapter 7 case on August 16, 2024. [BK ECF No. 22]. Defendant, acting *pro se*, filed a motion to dismiss the adversary complaint on September 3, 2024, denying all of Plaintiff's allegations. [ECF No. 6]. Defendant also raised several affirmative defenses including the argument that Plaintiff's claims were barred by the statute of limitations, res judicata, collateral estoppel, the Doctrine of Laches, the Doctrine of Unclean Hands, unjust enrichment, hardship, waiver, and an argument that the MOU was not binding because of duress. [ECF No. 6 p. 2-7].

---

[2] In addition to being business partners, the parties here were apparently in a romantic relationship that did not work out. Several months after the MOU was signed, Plaintiff brought a domestic violence action against Defendant in the Hudson County, Superior Court, Family Part. In that action, Plaintiff's allegations were mostly personal, with some allegations related to Iron Republik. [ECF No. 10-4 p. 1]. On September 23, 2022, both parties appeared in the Superior Court via Zoom with their respective counsel and the Superior Court dismissed the case, finding that Plaintiff failed to substantiate her allegations of domestic violence. [ECF No. 10-4 p. 7].

Page 5
Debtor:          FNU AUZANGZAIB
Case No.:     24-14350; 24-01508
Caption:        **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2) a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need "detailed factual allegations," but the plaintiff is obligated to show grounds for relief that are more than labels, conclusions, or elements of a claim. *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, to survive a motion to dismiss under 12(b)(6), a complaint requires "sufficient factual matter" that, when accepted as true, states a claim plausible on its face. Factual plausibility exists when factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570).

The court's task is context-specific, and if the court cannot infer from well-pleaded facts more than the possibility of misconduct, then the complaint has only alleged, but not shown, entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 12(b)(6) is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012 and governs on a motion to dismiss. "In order to grant a 12(b)(6) motion to dismiss, the court must find that [the plaintiff] will be unable to prevail even if [he or she proves] all of the allegations in the complaint, basing its decision solely on the legal sufficiency of the complaint." *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000)

Additionally, Fed. R. Civ. P. 9(b) imposes a heightened pleading standard upon fraud claims, requiring a party to "state with particularly the circumstances constituting fraud." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424 (3d Cir. 1997) (holding that while dismissal under Rule 12(b)(6) alone is not proper, dismissal under Rule 9(b) is, due to the fraud-

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 6 of 9

Page 6
Debtor:       FNU AUZANGZAIB
Case No.:     24-14350; 24-01508
Caption:      **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

claim particularity requirements). Finally, as Defendant is proceeding *pro se* in this case, the Court notes that it must liberally construe a *pro se* litigant's brief. *U.S. v. Street*, 370 Fed. Appx. 343, 344 (3d Cir. 2010)

## ANALYSIS

There are three distinct causes of action under § 523(a)(4), for a debt to be nondischargable: (1) a claim of "for fraud or defalcation while acting in a fiduciary capacity," (2) the debt was procured through embezzlement, or (3) the debt was procured through larceny. Plaintiff fails to address which of the three causes of action Defendant's conduct falls under, and instead generally objects to dischargability under § 523(a)(4). Though the complaint mentions "fraud and/or defalcation" in several places, the words are nothing more than labels. There is no specific description of how the Plaintiff was a victim of Defendant's alleged fraud and/or defalcation. The only specific allegation is the complaint that might apply to a § 523(a)(4) claim is that "Plaintiff regularly commingled [Iron Republik's] funds with his personal funds and used corporate funds for personal expenses." [ECF No. 1 ¶ 19]. The causes of action under § 523(a)(4) are addressed briefly below.

### A. Fraud or Defalcation While Acting in a Fiduciary Capacity

A claim of fraud or defalcation under § 523(a)(4) requires a showing that the defendant acted in a fiduciary capacity, which limits the application of this Section to promote the Bankruptcy Code's "fresh start" policy. *In re Casini,* 307 B.R. 800, 817 (Bankr. D.N.J. 2004). Courts have limited the definition of a fiduciary to express or technical trusts and explained that "[n]either a general fiduciary duty of confidence, trust, loyalty, and good faith ... nor an inequality between the

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 7 of 9

Page 7
Debtor:         FNU AUZANGZAIB
Case No.:       24-14350; 24-01508
Caption:        **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

parties' knowledge or bargaining power ... is sufficient." *In re Young,* 91 F.3d 1367, 1372 (10th Cir. 1996).

Looking at Plaintiff's complaint, the word fiduciary is not used a single time in describing the relationship between the parties that allegedly gives rise to the nondischargability claim. Plaintiff has not plead that a fiduciary relationship existed between the parties that satisfies the limited definition espoused by other bankruptcy courts, involving an express or technical trust. The complaint also fails to plead fraud or defalcation with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff has not even met the lower threshold under Rule 12(b)(6), requiring that the complaint plead "sufficient factual matter" to support the claims. Though Plaintiff does have a claim against Defendant for not indemnifying her for the debts of Iron Republik, this seems like a basic breach of contract claim that is probably dischargeable. For these reasons, Plaintiff's complaint is deficient as to the fraud or defalcation while acting in a fiduciary capacity cause of action.

### B. Embezzlement

The second cause of action under § 523(a)(4) is embezzlement, which is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." 4 Collier on Bankruptcy ¶ 523.10 (Alan N. Resnick & Henry J. Sommer eds., 16th 2024). Embezzlement differs from larceny because the original taking of the property was lawful, or with the consent of the owner. The "felonious intent" required for a finding of embezzlement also "must have existed at the time of the taking." *Moore v. United States*, 160 U.S. 268, 270 (1895). Finally, other courts have held that embezzlement or larceny was not established where the proprietors of a closely held corporation regularly comingled funds, such that the parties were essentially entitled to use the company assets for personal expenses as they

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 8 of 9

Page 8
Debtor:        FNU AUZANGZAIB
Case No.:      24-14350; 24-01508
Caption:       **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

saw fit. *See Ginsburg ex rel. Vertical Group, Inc. v. Birenbaum*, 2009 U.S. Dist. LEXIS 9347, *42 (W.D. Pa 2009) (affirming the Bankruptcy Court's finding that "the requisite fraudulent intent for embezzlement or larceny to occur was not present" because there was "an informal, pre-existing agreement between [Appellant and Appellee] that the corporation would serve as their collective piggybank and that each of them would use the corporation's assets for their personal benefit when they saw fit to do so").

As stated above, Plaintiff's complaint broadly asserts that her claims against the Defendant are nondischargable under § 523(a)(4), but does not specify what cause of action applies in this case. Plaintiff alleges that Defendant comingled Iron Republik's funds with his personal funds and paid for personal expenses including a moving company, and his divorce lawyer. But there is no specific allegation of embezzlement. Thus, the complaint is deficient and does not adequately plead an embezzlement cause of action.

### C. Larceny

The third cause of action under § 523(a)(4) is larceny, defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without the consent of the owner." 4 Collier on Bankruptcy ¶ 523.10 (Alan N. Resnick & Henry J. Sommer eds., 16th 2024). In contrast to embezzlement, for larceny, the original taking of the property must be unlawful.

Plaintiff's complaint does not allege that Defendant unlawfully took possession of Iron Republik's funds as of the time of the alleged taking. In fact, Defendant's possession of Iron Republik's funds was seemingly contemplated by the parties in organizing Iron Republik and

Case 24-01508-JKS    Doc 13    Filed 01/10/25    Entered 01/10/25 12:56:19    Desc Main
Document    Page 9 of 9

Page 9
Debtor: FNU AUZANGZAIB
Case No.: 24-14350; 24-01508
Caption: **DECISION RE: DEFENDANTS' MOTION TO DISMISS**

dividing ownership equally. On the face of the complaint, Plaintiff has failed to plead sufficient facts to support a cause of action for larceny.

## CONCLUSION

In sum, the Court finds that the majority of Plaintiff's complaint describes a pre-petition breach of contract between business partners engaged in a relationship gone sour. As to the narrow issue of Defendant's misappropriation of Iron Republik's funds for personal expenses in the aggregate amount of $6,500, the Plaintiff may be able to plead sufficient facts to support a § 523(a)(4) claim. As set forth above, Plaintiff has not satisfied the pleading requirements to assert a cause of action for nondischargability under § 523(a)(4). Nonetheless, "[t]he Third Circuit has instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a [bankruptcy] court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Therefore, Plaintiff's complaint will be dismissed, without prejudice to Plaintiff's right to move to refile an amended complaint addressing the deficiencies outlined herein within 30 days of the entry of the order on this motion.[3] *See* Fed. R. Civ. P. 15(a)(2).

---

[3] Because the motion to dismiss is granted on other grounds, the Court does not need to address *pro se* Defendant's affirmative defenses. However, the Court notes that even liberally construing the Defendant's brief, these defenses do not appear applicable to this case.